ELECTRONICALLY FILED

DATE FILED: JAN 0 7 2008

**LAW OFFICES OF**
**RONALD J. WRONKO, LLC**
*96 PARK STREET*
*MONTCLAIR, NEW JERSEY 07042*
(973) 509-0050
FAX (973) 509-2003

Ronald J. Wronko •○

305 Madison Avenue,
Suite 449
New York, New York
10165
(212) 886-9057
(212) 957-1912

Member of New Jersey Bar •
Member of New York Bar ○

**Reply to New Jersey**

ron@ronwronkolaw.com
www.ronwronkolaw.com

January 3, 2008

**VIA HAND DELIVERY**

Honorable George B. Daniels, U.S.D.J.
United States District Court
Southern District of New York
U.S. Courthouse
500 Pearl Street
Room 630
New York, New York 10007

Honorable John F. Keenan, U.S.D.J.
United States District Court
Southern District of New York
U.S. Courthouse
500 Pearl Street
Room 1930
New York, New York 10007

**SO ORDERED**

George B. Daniels

HON. GEORGE B. DANIEL

JAN 0 7 2008

> **Re:**   **First Adjournment Request**
> **Everglory v. Shaw Creations, 07-Civ-9361**
> **Rule 16 Conference:  January 9, 2008 @ 9:30 a.m.**
> **No prior adjournments requested or granted**
>
> **First Adjournment Request**
> **Sunny v. Shaw Creations, 07-Civ-9360**
> **Rule 16 Conference:  January 7, 2008 @ 9:30 a.m.**
> **No prior adjournments requested or granted**

Dear Judge Daniels and Judge Keenan:

I represent defendant Shaw Creations in the above-referenced matters. Defendant
Shaw Creations has filed a motion in the Everglory matter to consolidate it with the Sunny

Honorable George B. Daniels, U.S.D.J.
Honorable John F. Keenan, U.S.D.J.
January 3, 2008

matter. Courtesy copies of these papers have been mailed to both Chambers. In the motion,
defendant contends that Everglory and Sunny are alter egos who are both suing Shaw
Creations for collection of overdue receivables. In both actions, defendant has asserted an
identical counterclaim for copyright infringement.

The Sunny Rule 16 conference is scheduled for Monday, January 7, 2008 and the
Everglory Rule 16 conference is scheduled for Wednesday, January 9, 2008. Defendant
respectfully requests that these conferences be adjourned pending the outcome of the motion
to consolidate. If the conferences are not adjourned and defendant's motion is granted, it will
result in the need for another scheduling conference and duplication of effort. Plaintiff's
counsel does not consent to the request for adjournment. His basis for not consenting is that
he would prefer to discuss the issue of consolidation at the initial conferences in both cases.

We thank the Court for its consideration of this adjournment request.

Respectfully submitted,

Ronald J. Wronko

cc:    Bernard D'Orazio, Esq. (via facsimile and regular mail)