UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
EVERGLORY COMPANY, INC.              :
                                     :
            Plaintiff,               :    07 Civ. 9361 (JFK)
                                     :         MEMORANDUM
       - v -                         :    OPINION & ORDER
SHAW CREATIONS, INC.,                :
                                     :
            Defendant.               :
------------------------------------X

**JOHN F. KEENAN, United States District Judge:**

      Before the Court is a motion by Defendant Shaw Creations, Inc. ("Shaw") to consolidate the present action (the "Everglory case") with a related case, Sunny Company v. Shaw Creations, Inc., 07 Civ. 9360 (JFK) (the "Sunny case").

      In the Sunny case, Plaintiff Sunny Company ("Sunny") is a Hong Kong corporation that exports umbrellas. Defendant Shaw is a New Jersey company, doing business in New York, that distributes umbrellas. Sunny alleges that Shaw placed a number of orders with Sunny for the shipment of umbrellas and that, from October 2006 through March 2007, Sunny made the shipments and invoiced Shaw accordingly. Sunny further alleges that Shaw accepted and kept the umbrellas without objection but failed to pay for them and that Shaw owes Sunny $640,823. In its complaint, Sunny asserted claims for an account stated, breach of contract, and "reasonable value – goods sold and

1

delivered." Sunny seeks the unpaid amount of $640,823 plus costs, interest, and attorneys' fees. Shaw answered, asserting twenty-six affirmative defenses, and filed a counterclaim. In its counterclaim, Shaw alleged that it is the owner in copyright of "Noah's Ark" artwork, and that Sunny, through its alter ego, Everglory Company, used Shaw's "Noah's Ark" artwork in violation of the Copyright Act.

      In the Everglory case, Plaintiff Everglory Company ("Everglory"), also a Hong Kong exporter of umbrellas, has sued Shaw for Shaw's failure to pay invoices for a number of shipments of umbrellas that Shaw allegedly ordered and accepted without objection, from July 2006 to April 2007. The invoices that are listed in the Everglory complaint are different from the invoices listed in the Sunny Co. complaint. The allegedly unpaid invoices amount to $334,443. As in the Sunny case, Everglory has asserted claims for an account stated, breach of contract, and "reasonable value – goods sold and delivered," and seeks to recover the unpaid amount of $334,443 plus costs, interest, and attorneys' fees. In its answer to the complaint, Shaw responded to Everglory as it responded in the Sunny case: with the same twenty-six affirmative defenses and the assertion of the identical counterclaim for Everglory's

allegedly unauthorized use, through its alter ego Sunny, of Shaw's artwork in violation of the Copyright Act.

"Consolidation is generally appropriate where the proceedings involve a common question of law or fact, Fed. R. Civ. P. 42(a), and so long as any confusion or prejudice does not outweigh efficiency concerns." <u>Elite Limousine Plus, Inc. v. Dist. 15 of the Int'l Ass'n of Machinists & Aero. Workers</u>, No. 05 Civ. 0010, 2006 U.S. Dist. LEXIS 59506, at *9 (S.D.N.Y. Aug. 22, 2006).  A district court has broad discretion to consolidate actions.  <u>See</u> <u>EEOC v. Die Fliedermaus, L.L.C.</u>, 77 F. Supp. 2d 460, 466 (S.D.N.Y. 1999).

Shaw argues that consolidation is warranted because the legal theory of recovery in the affirmative claims, the affirmative defenses, and the counterclaims are identical and the parties are substantially the same.  Shaw also contends that discovery "between the parties on the counterclaim will likely be identical in both proceedings" and that the affirmative claim will involve "common discovery issues regarding the course of dealings between the parties."  (Def. Mem. at 2.)  Further, Shaw points out that the plaintiffs in both actions, and Shaw in both actions, are each represented by identical counsel.

Counsel for both plaintiffs, Sunny and Everglory, retorts that the plaintiffs are not, in fact, identical because "[t]here is no proof before this Court that the two corporations are 'alter egos' of each other," as alleged. (Pl. Mem. at 5.)  Further, Plaintiffs' counsel maintains that, despite the similarity in the legal theories of recovery, the two cases are "entirely different" in that they involve "different goods, different invoices, different sales prices, different sales dates, different witnesses, etc." (Id.)

Plaintiffs' counsel's arguments are unavailing. First, the fact that the two plaintiffs have filed a joint opposition to the present motion through the same counsel cuts against their arguments that the plaintiffs are substantively separate entities.  The allegations that Sunny and Everglory are alter egos, contained in the complaints for both cases, combined with the fact of the joint representation, are sufficient to convince the Court that, for purposes of this motion, Everglory and Sunny may be deemed to be essentially the one and the same party. Second, although the two actions relate to different sets of allegedly unpaid invoices, the fact remains that both cases stem from Shaw's alleged failure to pay for shipments of umbrellas delivered by essentially the same plaintiffs

4

Case 1:07-cv-09360-JFK   Document 8   Filed 03/14/2008   Page 5 of 6

to the same defendant over roughly the same period of time. Third, in both cases, the plaintiffs assert the same three causes of action. Further, the plaintiffs do not dispute that the counterclaims and affirmative defenses in both cases are absolutely identical, or that discovery on the claims will be substantially the same. Nor have plaintiffs demonstrated how prejudice or confusion could possibly result if the cases are consolidated. Clearly, these cases involve common questions of law and fact, and judicial efficiency would be served by consolidation.

Accordingly, Defendant's motion to consolidate is GRANTED. The Clerk of the Court is respectfully directed to consolidate Everglory Company v. Shaw Creations, Inc., 07 Civ. 9361 (JFK) with Sunny Compnay v. Shaw Creations, Inc., 07 Civ. 9360 (JFK). In view of the consolidation, the new date for close of discovery is July 11, 2008. Plaintiffs shall submit their summary judgment motion on August 1, 2008. Defendant's response is due no later than August 22, 2008. Plaintiffs' reply, if any, is due no later than September 5, 2008.

SO ORDERED.
DATED:     New York, New York
           March /4/ , 2008

*John F. Keenan*
JOHN F. KEENAN
United States District Judge