**EXHIBIT A**

United States District Court, S.D. New York.
Ross **FURLOW**, Plaintiff,
v.
The CITY OF **NEW YORK**, a Municipal Entity, et al., Defendants.
No. 90 Civ. 3956 (PKL).
March 22, 1993.

MEMORANDUM ORDER

LEISURE, District Judge,

**1* Santangelo, Santangelo & Cohen and James C. Locantro, Esq. (collectively "counsel"), attorneys for plaintiff Ross Furlow, have moved to withdraw as counsel in this action. Rule 3(c) of the General Rules for the United States District Courts for the Southern and Eastern Districts of New York provides that an attorney may withdraw from a case with leave of the Court, and such an order "may be granted only upon a showing by affidavit of satisfactory reasons for withdrawal." Santangelo, Santangelo & Cohen has provided such an affidavit, indicating that (1) plaintiff has sent letters and documents directly to the Court without consulting counsel; and (2) plaintiff has on various occasions expressed dissatisfaction with counsel's representation of his interests in this matter. *See* Affidavit of James C. Locantro, Esq. ("Locantro Aff."), dated February 5, 1993,

Over the course of the past seven months, plaintiff has sent directly to the Court four letters, dated September 18, 1992, October 4, 1992, October 18, 1992, and December 26, 1992. These communications were not instituted on the recommendation or with the prior knowledge of counsel. Rather, plaintiff communicated with the Court despite counsel's request that he refrain from contacting the Court directly.

In the letters, plaintiff indicated that he is not satisfied with the level of communication he has had with his attorneys and that he believes that some "hanky-panky" is being perpetrated in this matter. Further, plaintiff has made allegations concerning a "frame-up." It is evident from plaintiff's letters that he is dissatisfied with his representation. Moreover, his attacks have put his counsel in the uncomfortable position of being compelled to defend against attacks on their credibility by a current client. Obviously, counsel have been placed in a difficult predicament and, accordingly, have determined that they can no longer serve as plaintiff's counsel in this matter.

Plaintiff has responded to counsel's motion to withdraw by explaining that he requires the assistance of counsel in order effectively to pursue his claims. He does not actually state, however, that he opposes counsel's request to withdraw from this matter. Rather, it is evident that plaintiff is unhappy with the representation he has received with regard to this action. Plaintiff alludes to

unethical or unsavory conduct on the part of lawyers who fail in their professional responsibility and duty to their clients.

*See* Plaintiff Response to His Attorney's Intent to Withdraw, at ¶ 2. Plaintiff also states that he

is mindful of other avenues to contact such as "Departmental Disciplinary committee" relating to attorney's conduct of being deceitful, misrepresentation and not apprising his client properly or consulting with his-client nor informing his client of the essentials information that's helpful and fair.

*Id.,* at ¶ 6 (sic). Further, plaintiff indicated that does not "feel comfortable with this attorney." *See* Additional Information to Attorney's Motion, dated February 7, 1993 (received by the Court on March 18, 1993). Thus, it is abundantly evident that plaintiff is not satisfied with the representation provided by counsel and that counsel believes that it can no longer effectively represent the interests of plaintiff, given plaintiff's unmistakable lack of trust and cooperation.

***2** An attorney may withdraw as counsel when his client fails to pay legal fees or to communicate with him. *See, e.g.,* Kohler Co. v. Weiss, 1991 WL 196224, *1, 1991 U.S.Dist. LEXIS 13347, *2 (S.D.N.Y.1991); *Beshansky v. First National Entertainment Corp.,* 140 F.R.D. 273, 274 (S.D.N.Y.1990); *Farr Man Coffee, Inc. v. M/S Bernhard S,* 1989 U.S.Dist. LEXIS 2988, *3 (S.D.N.Y.1989) ("It hardly needs saying that a client's refusal to pay the attorney ... is a satisfactory reason for allowing the attorney to withdraw."). Further, counsel may properly withdraw from representation where the client has not cooperated with his attorney. *See* Statute of Liberty-Ellis Island Found., Inc. v. Int'l United Indus., 110 F.R.D. 395, 397 (S.D.N.Y.1986). Additionally, the Code of Professional Responsibility advises counsel to withdraw from representation where the client's conduct makes effective representation unreasonably difficult. *See* Code of Professional Responsibility, D.R. 2-110(C)(1)(d).

Counsel represents that plaintiff has responded to all discovery requests by the defendants and that the only discovery left to be taken involves depositions of the City of New York. *See* Locantro Aff., ¶ IV. Further, this action is not trial ready and resolution of this matter will not be delayed substantially by counsel's withdrawal at this juncture. Under the circumstances presented here, the Court hereby grants the motion of Santangelo, Santangelo & Cohen and James C. Locantro to withdraw as counsel of record in this action.

Plaintiff has stressed in his letters to the Court that he is unable to prosecute his claim without the assistance of counsel. Accordingly, the Court grants plaintiff thirty days to decide whether he will retain new counsel or proceed *pro se.* Alternatively, plaintiff may seek permission to proceed *in forma pauperis* and request the appointment of counsel to represent him pursuant to 28 U.S.C. § 1915(d). *See* Cooper v. A. Sargenti Co., 877 F.2d 170, 171-74 (2d Cir.1989); Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir.1986).

## CONCLUSION

For the foregoing reasons, the motion of Santangelo, Santangelo & Cohen to withdraw as counsel is granted. Plaintiff is directed to advise the Court within thirty days whether he intends to retain new counsel or will proceed *pro se.* Alternatively, in the event he has a good faith basis to seek such redress, plaintiff may file a request seeking the appointment of counsel pursuant to 28 U.S.C. § 1915(d).

SO ORDERED

**EXHIBIT B**

United States District Court, S.D. New York.
OSCAR DE LA RENTA LIMITED, Plaintiff,
v.
STRELITZ LIMITED, Defendant.
No. 92 Civ. 3907 (CES).
June 7, 1993.

MEMORANDUM DECISION

STEWART, District Judge:

*1 On May 17, 1993, the Court received a letter from defendant's counsel that stated that his firm would no longer be defending this action. The Court is treating this letter as a motion to withdraw pursuant to Rule 3(c) of the General Rules of the United States District Courts for the Southern and Eastern Districts of New York. For the reasons set forth below, counsel's motion is granted conditionally.

BACKGROUND

This case concerns an alleged breach of a contract for a shipment of fabric. Defendant is a corporation based in Northern Ireland. According to the defendant's counsel, defendant has entered into a creditors voluntary liquidation. The liquidator's counsel-who apparently can now make the defendant's corporate decisions-has instructed defendant's counsel to neither defend the plaintiff's claim nor prosecute its counterclaim. Consequently, defendant's counsel wrote to the Court, stating that his firm had been discharged from representing the defendant. Thereafter, plaintiff filed a "Notice of Motion to Strike Defendant's Answer." The return date for this motion is June 18, 1993.

DISCUSSION

General Rule 3(c) sets forth the requirements before counsel may withdraw in an action.

An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

Counsel may withdraw if his or her client fails to pay legal fees of if the client fails to communicate or cooperate with their attorney. *Furlow v. City of New York,* 1993 U.S. Dist. Lexis 3510 (S.D.N.Y.1993) (citing cases). Similarly, withdrawal is also permissible when a client indicates that they no longer wish to be represented by counsel. *See Fireman's Ins. Co. of Newark v. **Alasker**,* 1992 U.S.Dist. Lexis 7365 (S.D.N.Y.1992). However, a Court may establish conditions before permitting withdrawal. *See [Beshansky v. First Nat'l Entertainment Corp., 140 F.R.D. 272, 274 (S.D.N.Y.1990)](#).*

In the instant case, the defendant has indicated that it no longer wishes to either defend this action or prosecute its counterclaim. Given this position, it is presumed that the defendant no longer needs the services of its counsel. However, the Court will permit defendant's counsel's

withdrawal only upon the condition that counsel submit responding papers to the plaintiff's motion to strike the answer by the return date.

Alternatively, counsel may withdraw if the defendant obtains new counsel to respond to plaintiff's motion. If defendant retains new counsel before the return date, the Court will consider granting this counsel an extension to submit opposition papers to the plaintiff's motion. This condition prior to withdrawal is warranted since the defendant, as a corporation, cannot appear in this action pro se. *See* N.Y.Jud.Law § 495 (McKinneys 1983).

CONCLUSION

*2 Defendant's motion to withdraw as counsel is granted on the condition that defendant promptly obtain new counsel. If defendant does not obtain new counsel, then the current counsel shall respond to the plaintiff's motion to strike the answer.

SO ORDERED.

S.D.N.Y.,1993.
Oscar De La Renta Ltd. v. Strelitz Ltd.
Not Reported in F.Supp., 1993 WL 205150 (S.D.N.Y.)

Motions, Pleadings and Filings (Back to top)

- 1:92cv03907 (Docket) (May. 29, 1992)

END OF DOCUMENT