UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————

EVERGLORY COMPANY,

        Plaintiff,

    -against-                      07 Civ. 9361

SHAW CREATIONS, INC.,

        Defendant.
———————————————————        **DECLARATION**

SUNNY COMPANY,

        Plaintiff,

    -against-                      07 Civ. 9360

SHAW CREATIONS, INC.,

        Defendant.

———————————————————

    BERNARD D'ORAZIO hereby declares under penalty of perjury that the foregoing is true and correct:

    1.    I am counsel for the plaintiffs in these now-consolidated actions. I submit this declaration in connection with the motion made by defendant's counsel, Ronald J. Wronko, for permission to withdraw.

    2.    These actions were filed in October 2007. The plaintiffs seek to recover the unpaid price for approximately $1 million in goods sold and delivered to the defendant without objection. The defendant appeared by counsel, Mr. Wronko, denied liability, and asserted counterclaims for alleged copyright infringement of a

design for an umbrella.  Mr. Wronko then made a motion to consolidate the two actions.

3.    The motion to consolidate was granted but before plaintiffs could move for summary judgment, as they intended, the defendant filed a petition in Bankruptcy Court.  Defendant listed the plaintiffs as its two largest unsecured creditors. Notably, defendant did not allege ownership or rights in any copyrights or other intellectual property in its petition, nor did it schedule a claim for copyright infringement among its assets.

4.    Shortly thereafter, having failed to comply with various filing requirements, defendant consented to the dismissal of its Bankruptcy case.  Mr. Wronko now claims that his client "is in voluntary liquidation" by its secured creditor and "does not have the resources" to pay him.  He states that in fact he has never been paid and will not be paid.  On information and belief, Mr. Wronko is a relation to Ron Rankin, president of the defendant.  Mr. Rankin has formed a new corporation to continue his trade in the umbrella business.

5.    I am not pleased with the defense tactics employed here, including the assertion of a frivolous counterclaim alleging infringement of a copyright.  Having accomplished his goal of delaying these cases, Mr. Wronko, who seems to have been doing a favor for a relative without pay (he does not allege being owed any fees), seeks to withdraw.  My clients are left to pursue collection against an allegedly "defunct" corporation.

6.    I will not oppose Mr. Wronko's request to withdraw.  However, since defendant cannot appear pro se and will not be hiring new counsel, upon counsel's

withdrawal the Clerk should be directed to enter judgment for the plaintiffs for the amounts demanded in the Complaints, with interest, and to dismiss the Counterclaims.  My clients should not be forced to spend further sums litigating this case or be delayed further from attempting to enforce judgments.

Dated:	New York, New York
	July 17, 2008

                                                   s/Bernard D'Orazio
                                                 _____
                                                 BERNARD D'ORAZIO